UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-232 (JRT/BRT)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

5.  DAVID JOHN MOULDER,
6.  ANTONY EUGENE MOULDER,
8.  BARBARA ANN MOULDER, and
10. JEFFREY LEE SMOLIAK,

        Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCE TO WHETHER OTHER INDIVIDUALS HAVE BEEN CHARGED**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Melinda A. Williams, Assistant U.S. Attorneys, respectfully submits the following motion in limine to preclude reference to whether other individuals have been charged for their role in the telemarketing fraud scheme.

**I.  GOVERNMENT'S MOTION TO PRECLUDE REFERENCE TO WHETHER OTHER INDIVIDUALS HAVE BEEN CHARGED FOR THEIR ROLE IN THE TELEMARKETING FRAUD SCHEME**

At trial, the government expects the evidence to show that uncharged telemarketers and other co-conspirators assisted the defendants in carrying out the telemarketing fraud scheme. The fact that some of these individuals may not have been charged in the instant case is not relevant to the question of whether the defendants participated in the charged conspiracy. *See* O'Malley, Grenig & Lee, Fed. Jury Prac. & Instr. § 12:11 (6th ed. 2013) ("You are here to determine whether the government has proven the guilt of the defendant[s] for the charge[s] in the

1

indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.").

Any argument that the defendants were somehow singled out for prosecution would amount to a selective prosecution allegation. As the Supreme Court has stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)).

Claims of selective prosecution must be raised before trial and resolved outside the presence of the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (issue of selective prosecution is to be determined by the court); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (claims of selective prosecution must be raised before trial). In the instant case, no selective prosecution claims are before the Court. Likewise, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument"); *United States v.*

*Berrigan*, 482 F.2d 171, 174-76 (3rd Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution").

Of course, as a more general matter, it is also settled law that inquiries regarding the subjective intentions or motivations of a government agent are irrelevant to determining the factual guilt or innocence of a defendant. *See, e.g., United States v. Roell*, 487 F.2d 395, 400 (8th Cir. 1974) (holding that officers' "subjective reasons for [defendant's] arrest were properly found to be irrelevant"); *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant").

Accordingly, any reference to others having not been prosecuted and argument about the government's motivations for pursuing the instant case should be barred.

## II.  CONCLUSION

The government respectfully requests that the Court grant the government's motion in limine.

Date:  December 5, 2022                            Respectfully submitted,

                                                   ANDREW M. LUGER
                                                   United States Attorney


                                              BY:  /s/ *Joseph H. Thompson*
                                                   JOSEPH H. THOMPSON
                                                   HARRY M. JACOBS
                                                   MATTHEW S. EBERT
                                                   MELINDA A. WILLIAMS
                                                   Assistant U.S. Attorneys

3