UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-232 (JRT/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

5. DAVID JOHN MOULDER,
6. ANTHONY EUGENE MOULDER,
8. BARBARA ANN MOULDER, and
10. JEFFREY LEE SMOLIAK,

    Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT VICTIM-CONSUMER COMPLAINTS**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Melinda A. Williams, Assistant U.S. Attorneys, respectfully submits the following motion in limine to admit victim-consumer complaints to show effect on the listener and notice.

At trial, the government intends to introduce evidence of complaints submitted by victim-consumers who were impacted by the defendants or their respective businesses. Such complaints include, as non-exhaustive examples, those filed by victim-consumers with the Better Business Bureau or a government agency. The government intends to establish at trial that certain defendants received notice of victim-consumer complaints because such complaints were communicated to them by entities like the Better Business Bureau. In other instances, the evidence at trial will establish that some defendants possessed copies of victim-consumer complaints. The government seeks the admission of such complaints, not for their truth, but rather

for the limited purposes of demonstrating notice to the defendants and the effect on the readers.

The victim-consumer complaints themselves are non-hearsay and do not implicate the defendants' Sixth Amendment rights. Where "letters of complaint from customers" are introduced not to prove the truth of their contents, they are admissible under the rules of evidence. *See* Fed. R. Evid. 801(c). Courts have routinely allowed such customer communications to show their effect on, and notice to, defendants that, among other things, he or she might be engaged in fraudulent conduct. *See, e.g., United States v. Farkas*, 935 F.2d 962, 965 (8th Cir. 1991) (customer complaint letters admissible "for the limited purpose of providing background for the scheme and knowledge elements of the indictment"); *United States v. Godfrey*, 787 F.3d 72, 77 (1st Cir. 2015) (emails from complaining customers admissible to show defendants "had notice" that their employees engaged in "fraudulent sales tactics"); *United States v. Neuman*, 406 F. App'x 847, 850 (5th Cir. 2010) (emails from customer admissible "to show [defendant] was on notice that he might be peddling counterfeit goods"). As it relates to Better Business Bureau complaints specifically, courts "have clearly held that such complaints may be admitted to show that the defendant was on notice that customers were dissatisfied." *United States v. Southerland*, 209 F. App'x 656, 658 (9th Cir. 2006) (citing *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979)); *Farkas*, 935 F.2d at 965.

Here, complaints from victim-consumers are likewise admissible to show notice and effects on the reader. Such complaints routinely and directly placed the

defendants on notice that they were, among other things, engaged in fraudulent and deceptive practices concerning the sale and collection of magazine subscriptions. Indeed, many of the complaints detail the use of the very fraudulent sales scheme that the defendants are alleged to the participated in. Particularly relevant here, the government anticipates that some defendants might attempt to argue their supposed unawareness of such fraudulent and deceptive practices. However, the proper admission of certain victim-consumer complaints will establish that the defendants were well aware that their conduct was rife with fraud.

The government respectfully requests that the Court grant the government's motion in limine.

Date: December 5, 2022

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

BY: /s/ *Joseph H. Thompson*
JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
MELINDA A. WILLIAMS
Assistant U.S. Attorneys