UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-232 (JRT/BRT)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5. DAVID JOHN MOULDER,
6. ANTHONY EUGENE MOULDER,
8. BARBARA ANN MOULDER, and
10. JEFFREY LEE SMOLIAK,

    Defendants.

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT FOLLOWING ORDERS IS A DEFENSE TO THE CRIMINAL CHARGES**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Melinda A. Williams, Assistant U.S. Attorneys, respectfully submits the following motions in limine to preclude argument that following orders is a defense to criminal charges.

Defendants Jeffrey Smoliak and Barbara Moulder should be precluded from arguing or even hinting to the jury that following orders is a valid defense to the pending charges, because it is not. "[O]ur criminal law does not recognize a 'following orders' or 'Nuremberg' defense." *United States v. North*, 910 F.2d 843, 926 (D.C. Cir. 1990) (Wald, C.J., dissenting in part).

In *United States v. Gold*, 743 F.2d 800 (11th Cir. 1984), the district court properly precluded a defendant from attempting such a Nuremberg-style defense in a health care fraud case. At trial, the defendant (Highsmith) tendered the following jury instruction:

> With respect to Defendant Gary Highsmith, if you determine that he prepared or submitted the Medicare claims alleged and described in the indictment in the counts pertaining to him and that he did so as instructed by his employers and superiors obeying their orders and instructions and following their standard office procedure, then you must find him not guilty.

*Id.* at 823. The district court declined to give that instruction. Describing the instruction as a "rather novel view of the law," *id.*, the court of appeals upheld the district court's ruling: "If Highsmith was aware of the illegality of his conduct, the fact that it was authorized by a superior clearly cannot insulate him from criminal liability." *Id.* at 824; *see also United States v. Funmaker*, 10 F.3d 1327, 1331 (7th Cir. 1993) ("[i]t must be clear that defendants cannot circumvent federal prosecution by claiming that they were merely following orders"); *Brounstein v. United States*, 979 F.2d 952, 956 (3d Cir. 1992) ("[w]e agree with those courts of appeals that have considered and rejected the argument that an otherwise responsible person does not act willfully in failing to pay taxes simply because he does so at the direction of a superior"); *United States v. Rhoad*, 36 F. Supp.2d 792, 792-93 (S.D. Ohio 1998) (granting a government motion *in limine* to preclude the defense from asserting a following-orders defense to a charge of falsifying documents in violation of the Clean Water Act; "the only question is whether [defendant] knew that he was making false statements, *not* whether he was told to do so—even if such instruction led him to believe that document falsification was permissible").

Accordingly, defendants Jeffrey Smoliak and Barbara Moulder should be precluded from attempting to introduce evidence or arguing to the jury that it may

acquit them on the ground that they acted at the direction of some other co-conspirator.

The government respectfully requests that the Court grant the government's motion in limine.


Date: December 5, 2022	Respectfully submitted,

	ANDREW M. LUGER
	United States Attorney


	BY:   /s/ *Joseph H. Thompson*
	       JOSEPH H. THOMPSON
	       HARRY M. JACOBS
	       MATTHEW S. EBERT
	       MELINDA A. WILLIAMS
	       Assistant U.S. Attorneys