UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-232(8) (JRT/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BARBARA ANN MOULDER,

    Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

For the following reasons, the United States recommends that Defendant Barbara Ann Moulder receive a sentence of time served. The United States believes that such a sentence, which is a downward variance below the low end of the applicable Guidelines range, is sufficient, but not greater than necessary, to comport with the Section 3553(a)(2) sentencing factors.

### I. Relevant Facts

### A. Offense Conduct

On October 20, 2020, Moulder was charged in a 53-count indictment with conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1349. Moulder entered a guilty plea pursuant to a plea agreement on January 6, 2023. The circumstances of the offense are set forth in the Presentence Investigation Report (the "PSR," ECF No. 1496).

Moulder participated in a large, nationwide telemarketing fraud scheme involving magazine subscription sales. Between 2010 and 2020, Moulder worked as a telemarketer for several companies involved in fraudulent magazine sales.

Moulder and others perpetuated a conspiracy to defraud victims across the country, many of whom were older or otherwise susceptible to fraud. Moulder and her co-conspirators fraudulently inducing consumers into making payments related to purported magazine subscriptions. Telemarketers called lists of consumers and made a series of lies and misrepresentations, including that the telemarketer was calling from the consumer's existing magazine company and was calling in order to reduce the monthly payments for an existing magazine subscription. But in reality, the company had no existing relationship with the consumer and tricked the consumer into paying for an expensive, new magazine subscription that they did not want or understand they were ordering.

Moulder worked as a telemarketer at several of these Florida-based companies. In that role, she used fraudulent sales scripts, which were provided by the company, to call victims and make a series of deliberate lies and misrepresentations about how the company could lower the monthly cost of a subscription or renew a subscription that the victim was receiving at a lower cost. This was not true, and Moulder and the company charged the victim for a subscription that they did not want.

In the course of the scheme, Moulder and the companies she worked for defrauded thousands of victims and collected over $5 million from victims as a result of the fraudulent scheme.

**B. Defendant's Criminal History**

Moulder has numerous low level criminal convictions, primarily relating to drugs and alcohol, and many appear to have stemmed from her struggles with addiction.

**C. Defendant's Personal History**

Moulder faced no shortage of challenges in her life. She was born and raised in Charlottesville, Virginia. She had a tumultuous childhood, resulting in hospitalization in a Neuro-Psychiatric hospital in her later teens. She ultimately ran away from the facility. When she was 18, she resumed contact with her family, who had by then moved to Minnesota.

Moulder met her husband, co-defendant Anthony Moulder after moving to Minneapolis. They had two sons together, both of whom are now deceased. Their relationship was contentious. Moulder was introduced to the magazine industry through her husband, and she worked at companies owned and operated by her husband.

**II. Argument**

    **A.    Legal Background**

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). "[U]nder the advisory guidelines scheme, sentencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." *United States v. Scott*, 448 F.3d 1040, 1043 (8th Cir. 2006).

"[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49-50; 18 U.S.C. § 3553(a). The Section 3553(a) factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," "the need for the sentence to reflect the seriousness of the offense," "the need for deterrence," "the need to protect the public from further crimes of the defendant," and "the need to avoid unwarranted disparities." 18 U.S.C. § 3553(a).

### B. The Presentence Investigation and Guidelines Calculations

The United States has reviewed the PSR prepared by the U.S. Probation Office. The United States did not object to the facts included in the PSR, although it did object to the PSR to the extent that the criminal history category differed from that included in the plea agreement. The PSR concluded that the total offense level is 26, and the criminal history category is I. Based on this, the Guidelines range term of imprisonment is 63 to 78 months. (PSR ¶ 183.)

### C. The Appropriate Sentence

A careful consideration of the Section 3553(a) factors warrants a sentence of time served.

#### 1. The Nature and Circumstances of the Offense.

Moulder's conduct was unquestionably serious and warrants a correspondingly serious sentence. She participated in a large, nationwide fraud scheme that targeted thousands of elderly and otherwise vulnerable victims. Although she knew that she

4

and others at the company were committing fraud, she continued to work there day in and day out and perpetrated the scheme for years.

At the same time, Moulder played only a small part in a large-scale fraud. Moulder did not seek out a career in telemarketing or fraud. She ended up working for a company run by her husband at the time. Moulder worked primarily as a telemarketer. She did not own or operate any of the companies where she worked. She did not develop the fraud scheme or write the fraudulent scripts. Nor did Moulder get rich participating in the scheme—she was only paid a small, hourly wage for her work.

Although Moulder was well-aware that she and others at the company were committing fraud, the fact that the companies she worked for operated an office and call center where numerous other telemarketers also worked provided an air of legitimacy to an illegitimate, fraudulent company. And at the end of her time at the company, Moulder was working remotely for the Florida company out of her house in Minneapolis, which provided an additional layer of insulation. This is not an excuse for Moulder's conduct, although it helps explain how she became involved in it in the first place.

2. <u>The History and Characteristics of the Defendant.</u>

Moulder has faced no shortages of challenges. She has struggled with mental health and substance abuse issues for most of her adult life. She spent time running away from her family as a teen. She has had abusive relationships. She has lost two adult sons.

### 3. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and Afford Adequate Deterrence

In light of the seriousness and wide-spread nature of the offense, Moulder requires a sentence that will not only prevent her from committing another offense in the future but will also provide general deterrence for others who operated similar fraudulent schemes brazenly throughout the country for decades. Moulder and others who participate or consider participating in a similar scheme are more likely to be deterred from committing fraud if they learn there are serious consequences, and they will pay a stiff price for it. A significant sentence will promote respect for the law and reflect the damage to victims and the community as a whole as a result of a large-scale fraud scheme that preyed on elderly and otherwise vulnerable victims. At the same time, Moulder has already dealt with the significant consequences and effects of a felony conviction.

A sentence of time served will serve the needs of sentencing to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further similar fraud schemes. Such a sentence should also include conditions aimed at providing Moulder with the treatment and counseling she needs.

III.  **Conclusion**

For all the above reasons, the United States respectfully requests that the Court vary downward and impose a sentence of time served.

Respectfully submitted,

Dated:  May 23, 2023

ANDREW M. LUGER
United States Attorney

/s/ *Harry M. Jacobs*

BY: JOSEPH H. THOMPSON
HARRY M. JACOBS
MATTHEW S. EBERT
Assistant U.S. Attorneys