**FORSGREN FISHER**
McCALMONT DeMAREA TYSVER

CAITLINROSE H. FISHER
cfisher@forsgrenfisher.com
612.474.3310

July 10, 2024

**VIA CM/ECF**

Honorable John R. Tunheim
U.S. District Judge, District of Minnesota
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

    Re:    United States of America v. Tashena Crump (31)
                Case No.: 20-CR-232 (JRT/DTS)

Dear Judge Tunheim:

      We write to update the Court on a discovery-related development that came to light with the Government's June 28, 2024 filing of its Motion for Preliminary Order of Forfeiture as to Brian Williams [Dkt. 2349] ("Williams Forfeiture Motion"), which was filed the same day as Tashena Crump's Reply Brief in Support of New Trial [Dkt. 2351] ("New Trial Reply Brief").

      As this Court knows well, Mr. Williams is the former owner of Readers Club Home Office ("RCHO"), where Ms. Crump was employed. Mr. Williams pleaded guilty in this case, and he entered into a cooperation agreement with the Government. Before Ms. Crump's trial, the Government identified Mr. Williams as a witness against Ms. Crump, writing in its Trial Brief that Mr. Williams was "expected to testify that Crump has knowledge of and was deeply involved in the fraudulent scheme." (Gov't Trial Br. at 9 [Dkt. 1808] (Sept. 19, 2023).) Then, the Government announced at trial the week before resting that it had decided not to call Mr. Williams (or any other employee of RCHO) as a witness against Ms. Crump.

      In its Williams Forfeiture Motion, the Government identified the following three digital devices as subject to forfeiture:

      (1) Black Apple iPhone in Speck case; (2) Black LG cell phone, SN: ZNFL322DL; and (3) Apple MacBook Air laptop, Model A1466, SN: C1Mv98SZJ1WL.

(Williams Forfeiture Mot. at 3.) These are three devices that, according to the Williams Forfeiture Motion, were seized from Mr. Williams in August 2020 when he was attempting to flee the country to avoid the proceedings against him.

Ms. Crump's legal team does not recall any disclosure of these devices. Upon further review of the Government's discovery indices as well as the evidence logs provided to counsel for Ms. Crump during trial, we believe that these devices were not disclosed by the Government or made available for inspection before trial. We note that other materials seized from Mr. Williams at the time of his August 2020 arrest *were* included in the physical files that were made to available to Ms. Crump for inspection at the U.S. Attorney's Office before trial as part of the RCHO discovery disclosure. On July 3, 2024, to avoid any misunderstandings or mistaken assumptions, we asked the Government to provide information by July 10, 2024, about whether and when these devices were disclosed to Ms. Crump. We offered to discuss the same via phone. We have not received any response from the Government.

These three digital devices are of constitutional magnitude. The Government argued at trial that Ms. Crump conspired with Mr. Williams to operate RCHO fraudulently. Ms. Crump asserted that she did no such thing and that she was not aware of Mr. Williams's involvement in the nationwide telemarketing fraud scheme. Mr. Williams's communications are some of the most vital to Ms. Crump's defenses, as demonstrated in part by some of the materials featured in Ms. Crump's New Trial Reply Brief, which were found on a different MacBook found in Mr. Williams's office in February 2020. (*See, e.g.*, New Trial Reply Br. at 22–26.) This appears to be yet another violation of Federal Rule of Criminal Procedure 16 as well as *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

The timing of this revelation also appears egregious. These devices were not included in (1) the forensic review in which Ms. Crump's legal team has been embroiled this year and (2) the New Trial Reply Brief that Ms. Crump's team filed the very same day as the Williams Forfeiture Motion. The Government has not yet confirmed that it will make copies of the devices available, which may require further motion practice. (*See* Crump Mot. to Compel [Dkt. 2313] (May 22, 2024).) Ms. Crump's defense team will need to request further resources to conduct an additional forensic review of these devices. All of this will delay proceedings and increase costs, given the substantial effort and resources already expended to review the undisclosed RCHO digital devices, as well as prepare Ms. Crump's New Trial Reply Brief.

Ms. Crump reserves the right to seek additional relief from the Court, as we continue to learn of new facts such as those recounted here. For the time being, however, given that the Government has not yet responded to Ms. Crump's July 3, 2024, email regarding the disclosure of these devices, Ms. Crump requests that the Court order the Government to provide the following information to the Court

Judge Tunheim
July 10, 2024
Page 3 of 3

and Ms. Crump, by no later than this Friday, July 12, when the Government's response to Ms. Crump's New Trial Reply Brief is presently due:

- Identify when and where, if anywhere, the three digital devices seized from Brian Williams were disclosed during discovery;

- Provide copies of any analyses or reports relating to the three digital devices;

- Identify when, if ever, the Government searched the material on the three digital devices;

- Confirm that the Government will provide exact copies of complete and original extraction files for these three digital devices to Ms. Crump.

For Ms. Crump, we are prepared to provide additional information or appear for a status conference to discuss the next steps. Thank you for your attention to this critical matter.

Sincerely,

Caitlinrose H. Fisher